UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LIONS HOTELS FRANCHISING, INC., a Washington Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GHAZANFAR KHAN, an individual; ZULFIQAR KHAN, an individual; MOHAMMAD TAFAIL KHAN, an individual;<br>KHAN/SLEEP, LLC, a Colorado Limited Liability Company; and TOWER HOSPITALITY, LLC, a Colorado Limited Liability Company,<br><br>　　　　　Defendants. | NO. 2:17-CV-0094-TOR<br><br>ORDER GRANTING PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff Red Lion Hotels Franchising, Inc.'s Motion for Preliminary Injunction (ECF No. 13) and Motion to Expedite (ECF No. 20). The Motion for Preliminary Injunction (ECF No. 13) was submitted for

ORDER GRANTING PRELIMINARY INJUNCTION ~ 1

consideration with oral argument on May 3, 2017. J. Michael Keys and Brian J. Janura represented Plaintiff. Of the Defendants, only Defendant Ghazanfar Khan, *pro se*, participated telephonically.

The Court has reviewed the record and files herein, and is fully informed. For good cause shown and the reasons discussed below, the motions (ECF Nos. 13; 20) are **GRANTED**.

## BACKGROUND

Plaintiff Red Lion Hotels Franchising, Inc. is the owner of several federally registered trademarks.[1] Per franchise agreements between Plaintiff and Defendants, Defendants had a license to use these trademarks contingent on their compliance with the franchise agreements. ECF No. 13 at 5. According to Plaintiff, Defendants have failed to pay substantial amounts due under the agreements, and have therefore terminated the agreements, requiring Defendants to "immediately" remove any and all Red Lion trademarks from their respective hotels per the terms of the respective agreements. ECF No. 13 at 5. Plaintiff contends, and supports with evidence, that Defendants have continued to use the trademarks in violation of the agreement and the federal Lanham Act. ECF No. 13

---

[1] U.S. Trademark Registration Nos. 4,595,255, 4,933,184, 4,933,183, 3,583,032, 3,583,031, 1,095,529, 1,915,645 and 1,485,662

ORDER GRANTING PRELIMINARY INJUNCTION ~ 2

at 6-7.  Plaintiff now seeks a preliminary injunction barring Defendants from further use of the trademarks.[2]  ECF No. 13.

The record now reflects that all Defendants have been properly served with, inter alia, the Summons, the Complaint, the Motion for Preliminary Injunction, and the supporting pleadings.  ECF No. 23-27, 35, 35-2, 35-3, 36.

## DISCUSSION

A court should grant a preliminary injunction when a plaintiff establishes "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in [its] favor, and that the injunction is in the public interest."  *Marylyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 374 (2008)).  Plaintiff contends that all four factors strongly favor Red Lion and the issuance of a preliminary injunction.  The Court agrees.

---

[2]  Notably, Plaintiffs have submitted a sworn affidavit attaching a transcript from a voicemail left by Defendant Ghazanfar Khan claiming a "majority" of the trademarks had already been removed, evidencing Defendant's recognition that their use of the trademarks is not authorized.  ECF Nos. 14 at 6; 14-8 at 2

To prevail on a claim of trademark infringement, the plaintiff must demonstrate that it (1) owns a valid trademark, and that (2) it shows the defendant's mark is likely to cause confusion. 15 U.S.C. § 1114(1); *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Plaintiff's federal registrations demonstrate the validity of the trademarks, and the Defendants explicitly acknowledged the ownership rights in the mark. ECF No. 14-3 at 6, ¶ 4. Further, Plaintiff clearly demonstrated a likelihood of consumer confusion: (1) the mark is strong, as it is inherently distinctive and arbitrary with respect to the underlying hotel services; (2) the services are identical; (3) the trademarks are identical; (4) there is evidence of actual confusion;[3] (5) the marketing channels are the same or at least very similar; (6) customers would not be able to distinguish the services of Plaintiff and Defendant, regardless of the degree of care exercised; (7) Defendants selected the mark because of its desire to be a franchisee per the franchise agreement; and (8) the underlying services are identical, precluding the need to determine likelihood of expansion. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), abrogated in part, on

---

[3] *See, e.g.*, ECF No. 13 at 13-14 (referencing a review of the Ft. Collins Hotel as "Higher expectation for a Red Lion" while rating the hotel 2 out of 5.)

other grounds recognized by *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003).

As demonstrated by the actual confusion and negative reviews of the hotels bearing the infringing trademarks, Plaintiff has demonstrated a likelihood of irreparable harm. Notably, the negative impression of customers of Defendants' hotels will likely impact their future purchasing choices, and Defendants' continued use of the trademarks will serve to promote the false association. Financial recovery will not adequately or fairly compensate this harm. *See Sunearth, Inc. v. Sun Earth Solar Power, Co., Ltd.*, 846 F. Supp. 2d 1063, 1083 (N.D. Cal. 2012) (the loss of goodwill and ability to control plaintiff's reputation is irreparable where the plaintiff has made a significant investment of time in establishing a reputation).

The balance of equities strongly tips in favor of Plaintiff. As noted above, Plaintiff's brand is suffering irreparable harm due to Defendant's apparently sub-standard services. Plaintiff is the undisputed owner of the trademarks and has put significant effort into building its image associated with the trademarks. Although Defendants will have to take drastic efforts to remove the infringing material, this is merely a consequence of the terminated agreement and does not suggest an inequity on Defendant's part.

Finally, the injunction is in the public interest. Consumers are currently being deceived into believing Defendants' hotels are affiliated with Red Lion. As the negative reviews demonstrate, the public is being harmed because they are receiving a quality of service that is below what they expect when visiting a Red Lion hotel. The very purpose of federal and state trademark laws are the protection of consumers in the marketplace.

At the May 4, 2017 hearing, Defendant Ghazanfar Khan voiced no objection to the entry of an injunction, explaining that they were no longer using anything with the Red Lion brand.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Preliminary Injunction (ECF No. 13) and Motion to Expedite (ECF No. 20) are **GRANTED**.

1. Defendants are hereby immediately enjoined and ordered to cease and desist, during the pendency of this case, from further use of the Red Lion trademarks, alone and in combination with Defendants' current and future business or commercial interests, or goods and services. This injunction order restrains and enjoins, without limitation:
    a. Displaying, advertising, marketing, promoting, stating or suggesting affiliation with, or otherwise using in commerce, or contributing to the use in commerce, any of the Red Lion

trademarks listed above, or using or contributing to the use in commerce any goods or products bearing any of the Red Lion trademarks;

b. Engaging in any activity that misleads, or confuses, or is likely to confuse the public to the detriment of Red Lion, including (without limitation) any activity that constitutes a violation of 15 U.S.C. § 1125(a)(1);

c. Using or displaying the Red Lion trademarks in connection with the promotion of any business or commercial enterprise;

d. Engaging in any activity that could, or is likely to lead anyone to believe that any product or service of the Defendants has been produced, distributed, offered, advertised, displayed, licensed, sponsored, approved, authorized, or otherwise used in commerce by or for Red Lion, and

e. Assisting, aiding, abetting, or contributing to any other person or entity in engaging in, or performing any of the activities referred to above.

2. Pursuant to 15 U.S.C. § 1116, the Defendants (each individually or if by agreement, jointly) are further ordered, to file with the Court and serve upon the Plaintiff, a declaration confirming compliance with the

injunctive relief awarded by the Court herein, by, without limitation, confirming the removal of all the Red Lion trademarks from Defendants' advertising and promotional materials (including websites and social media), and the removal of all the Red Lion trademarks from Defendants' vehicles promoting Defendants' business and commercial interests, or goods, or services. The declaration ordered by this paragraph shall be filed with the Court **within 30 days after service of this Order** upon each Defendant.

3. Plaintiff shall cause this Order Granting Preliminary Injunction to be served upon each Defendant in accordance with Fed. R. Civ. P. 65(d)(2). Before any motion seeking enforcement of the same, proof of service must be filed of record.

The District Court Executive is directed to enter this Order and furnish copies to the parties who have appeared herein.

**DATED** May 4, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PRELIMINARY INJUNCTION ~ 8